IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LAURA CULP,  #264 456                    *

     Petitioner,                              *

     v.                                       *        2:09-CV-706-ID
                                                      (WO)
CYNTHIA S. WHEELER-WHITE, *et al*.,      *

     Respondents.                             *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Laura Culp, a state inmate, on July 7, 2009.[1]   In this petition, Petitioner seeks jail credit for time she was out on probation and bond and an award of good time credit on her split sentence with respect to her convictions for three counts of criminal possession of a forged instrument imposed upon her by the Circuit Court for Autauga County, Alabama, on April 11, 2008 pursuant to her plea of guilty.  On May 7, 2008 the trial court sentenced Petitioner to 115 months imprisonment on each count with

---

[1]Although the present petition was stamped "filed" in this court on July 28, 2009, the petition was signed by Petitioner on July 7, 2009.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Culp] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers July 7, 2009 as the date of filing.

the sentences ordered to run concurrently.  On May 21, 2008 the trial court modified Petitioner's sentence to a reverse split. The trial court revoked Petitioner's probation on January 16, 2009.  (*Doc. No. 10*

Pursuant to the orders of this court, Respondents filed answers in which they argue that the claims presented in the instant habeas petition provide no basis for federal relief. Specifically, Respondents maintain that Petitioner's claims fail to allege a deprivation of a federal right and, thus, federal habeas corpus relief does not apply. *See Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). Respondents further argue that Petitioner is procedurally defaulted on each of her claims for relief because she did not properly present these claims to the state courts in accordance with applicable procedural rules and federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999);  *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989).  Specifically, Respondents assert that Petitioner's claims concerning the award of jail credit for time she was out on probation and bond and the award of good time credits on her split sentence were raised in the trial court (*see Doc.  No. 1 at Attachments*), but were not appealed and are, therefore, procedurally defaulted.  *See Collier*, 901 F.2d at 773. Respondents maintain that to the extent Petitioner presents claims which have never been presented in state court, such claims are procedurally barred from federal habeas review.

*Teague*, 489 U.S. at 297-98.  (*Doc. Nos. 10, 12*.)

Based on the foregoing, the court entered an order advising Petitioner of the arguments presented by Respondents. (*Doc. No. 13*.)  Petitioner  took advantage of the opportunity to file a response.  (*Doc. No. 14*.)  Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required.  Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.  The court further concludes the present habeas petition is due to be denied as the claims raised therein entitle Petitioner to no relief from this court.

## II. DISCUSSION

*A.  The State Law Claims*

Petitioner seeks federal habeas relief challenging the trial court's failure to award her with both jail  credit against her sentence for time spent on bond and probation as well as good time credits on her split sentence.  Respondents argue that Petitioner's claims are  not reviewable in this federal habeas corpus proceeding because they present purely state law issues.

Federal habeas corpus relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).  Such relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (holding errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief);

*McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").  In the absence of federal constitutional violations or allegations alleging such violations, federal habeas review of a state law claim is precluded *See Barclay v. Florida,* 463 U.S. 939, 958-659 (1983) ("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted).

In accordance with these principles, Petitioner has not stated a claim on which federal habeas corpus relief may be granted. The trial court's failure to award her credit for time spent on bond and probation and/or award her good time credit on her split sentence , even if true, fails to assert a violation of any federal constitutional right to which Petitioner is entitled inasmuch as such claims involve the State's interpretation of its own laws.

## B.  Procedural Default

Even if Petitioner's claims were appropriate on federal habeas review, Respondents assert that she has procedurally defaulted all the claims presented in her habeas corpus petition.  The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural

rules. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted). In the instant action, Petitioner's challenges to the award of jail credit are defaulted due to her failure to present her claims in accordance with the state's procedural rules.

The court afforded Petitioner an opportunity to demonstrate the existence of cause for her failure to raise her claims in the state courts properly and prejudice resulting from this failure. To demonstrate cause sufficient to excuse a procedural default, Petitioner must establish that an objective impediment, not of her own making, denied her the opportunity of presenting her claims properly to the state courts. *See McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). Based on the pleadings, documents, and records filed in this case, the court finds that Petitioner has not established the existence of any "objective factor external

to the defense that prevented [her] from raising the claim[s] and which cannot be fairly attributable to her own conduct." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Petitioner has, therefore, failed to demonstrate  cause for her failure to present her claims to the state courts in compliance with applicable procedural rules.  Furthermore, Petitioner has not shown the existence of actual prejudice emanating from infringement of federal law.  Thus, even if Petitioner's claims are appropriate for review in the instant proceeding, they are procedurally defaulted, and thus, foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Laura Culp be DENIED and DISMISSED with prejudice.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 25, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 12th day of May 2011.


    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE